UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATH JAMES TYLER,

            Petitioner,                    Case No. 1:12-cv-396

v.                                          Honorable Gordon J. Quist

DEBRA SCUTT,

            Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Heath James Tyler is a prisoner incarcerated with the Michigan Department of Corrections at the G. Robert Cotton Correctional Facility. In 1994, he was convicted of first-degree murder, Mich. Comp. Laws § 750.316, in Muskegon County Circuit Court and sentenced to life imprisonment without the possibility for parole. According to the petition, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on June 7, 1996, and March 20, 1997, respectively. (Br. in Support of Pet., docket #2, Page ID#22.) On appeal, his appointed counsel raised two arguments that are not at issue in the instant petition: (1) the concept of "imperfect self-defense" negated Petitioner's culpability for the offense; and (2) certain statements made by Petitioner to the police should not have been admitted at trial. (*Id.*)

On June 26, 2009, over twelve years after the Michigan Supreme Court's decision, Petitioner filed a motion for relief from judgment in state court. In his motion, Petitioner argued that his conviction was invalid because it was based on a theory of felony-murder, yet Petitioner was never charged with a felony offense listed in the felony-murder statute, Mich. Comp. Laws § 750.316(1)(b). Petitioner's motion was denied by the circuit court on August 3, 2009. Petitioner appealed the denial of his motion to the Michigan Court of Appeals, which affirmed the circuit court's decision, concluding that Petitioner "fail[ed] to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Tyler*, No. 298283 (Mich. Ct. App. Aug. 3, 2010). Petitioner further appealed to the Michigan Supreme Court, which denied Petitioner's application for leave to appeal for the same reason. *See People v. Tyler*, No. 141945 (Mich. Apr. 25, 2011).

In his habeas petition, Petitioner apparently raises the same issue that he raised in his motion for relief from judgment, i.e., that Petitioner's conviction is void and violates due process

because he was convicted of felony-murder but he was never charged with a felony listed in § 750.316(1)(b). He also argues that the petition is timely and that, even if it is not, he is entitled to equitable tolling. The Court concludes that the petition should be denied because it fails to raise a meritorious federal claim.[1]

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Bailey*, 271 F.3d at

---

[1] The petition, filed approximately fifteen years after the judgment of conviction became final, is clearly untimely; the Court finds it unnecessary to address whether Petitioner is entitled to equitable tolling, however, because Petitioner's claim fails on the merits.

655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001); *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court; (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

**Discussion**

Petitioner asserts that the failure to charge him with a lesser-included felony violated his right to due process, citing *Beck v. Alabama*, 444 U.S. 625 (1980). In *Beck*, the Supreme Court determined that the *death penalty* may not be imposed without giving the jury an opportunity to consider a verdict of guilt for a lesser-included non-capital offense. *Id.* at 627. Petitioner contends that the holding in *Beck* logically extends to his own case; he argues that it is unfair to charge a criminal defendant of felony-murder (possibly resulting in a life sentence) without giving the jury an opportunity to consider whether to charge the defendant of a lesser crime, i.e. the felony giving rise to the felony-murder charge. In *Bagby v. Sowders*, 894 F.2d 792 (6th Cir. 1990) (en banc), however, the Sixth Circuit determined that *Beck* need not be extended to non-capital cases like

-4-

Petitioner's. *Id.* at 797. According to *Bagby*, the holding in *Beck* is "grounded on Eighth Amendment concerns [particular to the death penalty], rather than those arising from the Due Process Clause of the Fourteenth Amendment." *Id.* at 796. There is no clearly-established Supreme Court precedent holding that the Constitution requires a lesser-included offense instruction in a non-capital case, and the Sixth Circuit's decision in *Bagby* precludes the Court from applying *Beck* to Petitioner's case.[2]

The failure to give an instruction on a lesser-included offense may give rise to a due-process claim if that failure results in a miscarriage of justice or constitutes an omission inconsistent with the rudimentary demands of fair procedure. *Bagby*, 894 F.2d at 797; *accord Tegeler v. Renico*, 253 F. App'x 521, 524 (6th Cir. 2007); *Todd v. Stegal*, 40 F. App'x 25, 28-29 (6th Cir. 2002); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002); *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001); *Samu v. Elo*, 14 F. App'x 477, 479 (6th Cir. 2001); *Williams v. Hofbauer*, 3 F. App'x 456, 458 (6th Cir. 2001). Petitioner fails to indicate, much less show, how the failure to allow the jury to consider a conviction for a felony as an alternative to felony-murder resulted in a miscarriage of justice in his case, or was inconsistent with the rudimentary demands of fair procedure. The mere failure to instruct a jury regarding a lesser-included offense is not, by itself, a violation of the Constitution. *See Bagby*, 894 F.3d at 797 (holding that the failure to give an instruction on a lesser-included offense, even when requested by counsel, "is not an error of such character and magnitude to be cognizable in federal habeas corpus review"). In short, Petitioner fails to identify any circumstances that would give rise to a cognizable due-process claim.

---

[2] Petitioner relies on *Vujosevic v. Rafferty*, 844 F.2d 1023 (3d Cir. 1988), in which the Third Circuit applied *Beck* to a non-capital case. *Id.* at 1027-28. In *Bagby*, however, the Sixth Circuit cited *Vujosevic* as a contrary opinion. *See Bagby,* 894 F.2d at 797. This Court is bound to follow the law of the Sixth Circuit, not the Third.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

Court has examined Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  May 29, 2012                                        /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE